UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br>v.<br><br>DEAN RICHARD PETERSON,<br><br>          Defendant. | FILE NO. 15-CR-55 (JNE/TNL)<br><br>REPORT & RECOMMENDATION |

        Deidre Y. Aanstad and James E. Lackner, **United States Attorney's Office**, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for the Government.

        Reynaldo A. Aligada, Jr., **Office of the Federal Defender**, 300 South 4th Street, Suite 107, Minneapolis, MN 55415, for Defendant.

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendant Dean Richard Peterson's Motion to Suppress Fruits of Unlawful Arrest and Search and Seizure (ECF No. 17). This motion has been referred to the undersigned for a report and recommendation to the district judge, the Honorable Joan N. Ericksen, District Judge of the United States District Court for the District of Minnesota, under 28 U.S.C. § 636 and D. Minn. LR 72.1(a)(3).

The Court held a motions hearing on June 15, 2015. (*See* ECF No. 24.) Assistant United States Attorney James E. Lackner appeared on behalf of the Government. Reynaldo Aligada appeared on behalf of Defendant. After the hearing, the Government provided the Court a copy of Government Exhibit 1, an April 8, 2014 Application for Search Warrant and Supporting Affidavit to search the premises located at 39xxx Res

1

Hwy 1, Morton, Redwood County, Minnesota ("Residence"). (Gov't Ex. 1.) Based on all the files, records and proceedings herein, and for the reasons set forth below, the court will recommend Defendant's motion be denied.

I. **FINDINGS OF FACT**

On March 28, 2014, Officer Jessica Lambelz of the Lower Sioux Tribal Police Department submitted an affidavit in support of a search warrant to Judge Patrick Rohland, Minnesota State District Judge in Redwood County, Minnesota. The affidavit attested to the following:

Officer Lambelz has been a law enforcement officer since 2012. (Gov't Ex. 1 at 2.) As a law enforcement officer, Officer Labmelz has worked directly with Redwood County Sheriff's Office, Gang and Drug Task Force, BCA agents, and other federal law enforcement agencies. (*Id.*)

Defendant had an active arrest warrant for violating a condition of supervised release. (*Id.*) Defendant also had an active "body only" warrant for disorderly conduct. (*Id.*) Defendant and Travis John Walker, a known associate who also had an active arrest warrant for disorderly conduct, were known Native Mob Gang Members. (*Id.* at 3.) One Redwood County Deputy took a photograph of eight Native Mob Gang members, and both Defendant and Walker were in the photograph. (*Id.*) The Gang Task Force also identified a high ranking Native Mob Gang member in the photograph. (*Id.*)

As recently as March 27, 2014, Officer Lambelz had seen social media messages and photographs connecting both Defendant and Walker to the Residence. (*Id.*) Two sources also informed Officer Lambelz that they had seen Defendant and Walker living

inside the Residence. (*Id.*) Lower Sioux Police Department officers had received several statements from citizens that Native Mob Gang members were moving into the Lower Sioux community and looking to take over the illegal drug business in the community. (*Id.*) Officer Lambelz also learned that the Lower Sioux Police Department received report of shots fired from the Residence on March 13, 2014. (*Id.*) On March 15, 2014, a citizen receiving medical treatment provided a taped statement to Lower Sioux Police officers stating that he suffered a large laceration on the back of his head and was hit several times with brass knuckles during a physical altercation with Walker (*Id.*) On March 17, 2014, Redwood Falls Police were called to a fight in progress. (*Id.*) Although the suspects left before officers arrived on the scene, witnesses at the scene identified Walker as one of the suspects. (*Id.*) A source stated that Defendant had fired a sawed-off shotgun into the wall in the Residence on March 23, 2014. (*Id.*) Concerned citizens and other sources had stated as recently as March 24, 2014, that a closet in the Residence was being used for weapons storage, including a sawed-off shotgun, knives, and brass knuckles. (*Id.*) Another source told Officer Lambelz that her mother had started using methamphetamines; later, the same source informed Officer Lambelz that she had followed her mother and seen her enter the Residence. (*Id.* at 4.)

Based on the representations in her affidavit, Officer Lambelz obtained a warrant to search the Residence signed by Redwood County District Judge Patrick Rohland, District Court Judge of Minnesota's Fifth Judicial District in Redwood County. (*Id.* at 5.) Judge Rohland signed the warrant on March 28, 2014. (*Id.*) Law enforcement executed the warrant the same day. While executing the warrant, officers arrested Defendant.

During the ensuing search of the Residence, an officer located a Remington 870 Express Magnum 20-gauge shotgun (serial number C514255U) wrapped in a sheet on top of a snowbank behind the residence. (Indictment, ECF No. 1.)

## II. CONCLUSIONS OF LAW

Defendant now moves to suppress the fruits of the March 28, 2014 search, arguing that (1) the search warrant was not supported by probable cause, and (2) the *Leon* good-faith exception does not apply. (Def.'s Mem. in Supp. at 5-12.)

### A. Legal Standard

Probable cause determinations "d[o] not deal with hard certainties, but with probabilities." *Illinois v. Gates*, 462 U.S. 213, 231 (1983). "[P]robable cause may be established by the observations of trained law enforcement officers or by circumstantial evidence." *United States v. Searcy*, 181 F.3d 975, 981 (8th Cir. 1999). "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed." *Gates*, 462 U.S. at 238-39 (quoting *Jones v. United States*, 362 U.S. 257, 271 (1960)); *United States v. Vega*, 676 F.3d 708, 717 (8th Cir. 2012). "Information may be sufficiently reliable to support a probable cause finding if the person providing the information has a track record of supplying reliable information, or if it is corroborated by independent evidence." *United States v. Williams*, 10 F.3d 590, 593 (8th Cir. 1993) (citing *Draper v. United States*, 358 U.S. 307, 313

(1959)). Ultimately, the determination of whether probable cause exists to issue a search warrant is made using a "totality of the circumstances" test. *Gates*, 462 U.S. at 238.

### B. Search Warrant Was Supported by Probable Cause

Defendant argues that the affidavit is "bare bones" and that it fails to establish probable cause because it: (1) contains no facts establishing the reliability of any "reliable source" referred to in the affidavit; (2) relies on the untested and uncorroborated word of "reliable sources"; (3) fails to "provide solid evidence" that Defendant resided at the Residence; and (4) fails to assert a nexus between the Residence and any alleged criminal activity.

The Court disagrees. To the extent that Defendant argues the affidavit fails to establish the reliability of Officer Lambelz's sources, the argument is insufficient to defeat the affidavit. The affidavit relies on multiple reports from multiple sources that Officer Lambelz refers to as "reliable." It is true that the affidavit does not include an averment that any "reliable source" had provided information in the past that was verified or used in earlier investigations or prosecutions. Although an informant who has provided reliable information in the past or whose tip is independently corroborated may be sufficiently reliable on its own to support a probable cause determination, *United States v. Leppert*, 408 F.3d 1039, 1041 (8th Cir. 2005), where an informant's tip is partly corroborated, "attacks upon credibility and reliability are not crucial to the finding of probable cause." *United States v. Humphreys*, 982 F.3d 254, 259 (8th Cir. 1992); *United States v. Gladney*, 48 F.3d 309, 313 (8th Cir. 1995). The key inquiry is whether the affidavit, when read in its entirety, contains both statements from the informants and

5

other information that, in combination, "provide a substantial basis for finding a 'fair probability' that contraband or evidence of illegal activity could be found at the residence stated in the search warrant." *United States v. Caswell*, 436 F.3d 894, 898 (8th Cir. 2006) (quoting *Gladney*, 48 F.3d at 313).

Based on the totality of the circumstances, the Court determines that sufficient information existed in Officer Lambelz's affidavit to establish probable cause to search the Residence. Officer Lambelz received two tips that both Defendant and Walker were living at the residence; those tips were corroborated by other tips, *see United States v. Jackson*, 898 F.2d 79, 81 (8th Cir. 1990) (holding that two anonymous "tips were mutually corroborative"), and by information Officer Lambelz obtained on social media. Officers had received multiple reports that weapons were being stored at the Residence, one report of Walker assaulting a citizen with brass knuckles, one report of shots fired at the Residence, and another report of Defendant firing a sawed-off shotgun into the wall at the Residence. Officer Lambelz's affidavit also sets forth that (1) the Native Mob Gang wanted to take over the illegal drug market in the area, (2) Defendant was a known Native Mob Gang member and had recently been seen with several other Native Mob Gang members, and (3) a source's mother who was suspected of taking illegal drugs had very recently been seen entering the Residence. In light of the totality of the circumstances and the "considerable deference" that reviewing courts give to probable-cause determinations of issuing judges, *United States v. Bieri*, 21 F.3d 811, 815 (8th Cir. 1994), this Court determines that the affidavit contains sufficient facts to establish a fair probability that contraband or evidence of a crime would be found at the Residence.

### C. *Leon* Good-Faith Exception Would Apply

Even assuming, *arguendo*, that the affidavit failed to establish probable cause, the Court determines that the officers executing the warrant "acted in objectively reasonable reliance on a warrant issued by a neutral magistrate." *United States v. Gibson*, 928 F.2d 250, 253 (8th Cir. 1991) (citing *United States v. Leon*, 468 U.S. 897, 922 (1984)). "In the ordinary case, an officer cannot be expected to question the magistrate's probable cause determination or his judgment . . . ." *Leon*, 468 at 921. "[A]bsent allegations that the [issuing judge] was not neutral, 'suppression is appropriate only if the officers were dishonest or reckless in preparing the affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause.'" *United States v. Formaro*, 152 F.3d 768, 771 n.4 (8th Cir. 1998) (citing *United States v. Fulgham*, 143 F.3d 399, 401-02 (8th Cir. 1988) (quoting *Leon*, 468 U.S. at 926)).

The exclusionary rule was judicially created to provide an effective deterrent against unlawful police conduct and its purposes are not served by suppressing evidence where police officers rely in reasonable good faith on a properly obtained warrant. *E.g.*, *United States v. Thomas*, 263 F.3d 805, 808 (8th Cir. 2001). Here, nothing indicates that Officer Lambelz acted in reckless disregard for the truth when preparing the affidavit, or that Judge Peterson was anything other than neutral and detached when reviewing the affidavit and issuing the warrant. *United States v. Murphy*, 69 F.3d 237, 242 (8th Cir. 1995). Neither was the warrant "so facially lacking in probable cause as to preclude the executing officer's good faith reliance thereon." *United States v. McNeil*, 184 F.3d 770, 775 (8th Cir. 1999). In executing the warrant, law enforcement relied in good faith

on the probable-cause determination of a neutral magistrate. The warrant set out with particularity the place to be searched as required by the Fourth Amendment. Accordingly, Defendant's motion to suppress must also be denied on good faith grounds.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Suppress Fruits of Unlawful Arrest and Search and Seizure (ECF No. 17) be **DENIED.**


Date:  July 28, 2015                           s/ Tony N. Leung
                                               Tony N. Leung
                                               United States Magistrate Judge
                                               District of Minnesota

                                               *United States v. Peterson*
                                               File No. 15-cr-55 (JNE/TNL)

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **August 11, 2015**.