UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

                                 Case No. 15-cr-55 (JNE/TNL) (1)

v.                                 Case No. 17-cv-2388 (JNE)

                                 ORDER

Dean Richard Peterson,

        Defendant.

        Dean Richard Peterson moved to vacate, set aside, or correct his sentence. *See* 28

U.S.C. § 2255 (2012). He also moved for appointment of counsel and an evidentiary

hearing. Because the record conclusively shows that Peterson is not entitled to relief, the

Court denies his § 2255 motion without an evidentiary hearing. *See Thomas v. United

States*, 737 F.3d 1202, 1206 (8th Cir. 2013). The Court also denies his motion for

appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2)(B) (2012); *Abdullah v. Norris*, 18

F.3d 571, 573 (8th Cir. 1994).

        In February 2015, a grand jury returned an indictment against Peterson, charging

him with being an armed career criminal in possession of a firearm. In November 2015,

after the denial of Peterson's motion to suppress, the government filed an information

that charged him with possession of a stolen firearm. A few days later, Peterson pleaded

guilty to possession of a stolen firearm.

        A plea agreement set forth the terms and conditions on which Peterson and the

government agreed to resolve the case. In exchange for his guilty plea, the government

agreed to move to dismiss the indictment at sentencing. The government and Peterson

agreed to a base offense level of 24, stipulating that he had at least two prior felony convictions that are crimes of violence. *See* U.S.S.G. § 2K2.1(a)(2). Based on a total offense level of 23 and a criminal history category of VI, they calculated a guideline range of imprisonment of 92 to 115 months. The government and Peterson agreed to jointly recommend a sentence of 120 months' imprisonment. He waived his right to appeal his sentence as long as it did not exceed 120 months' imprisonment.

The Court sentenced Peterson to 120 months' imprisonment. He did not appeal.

Approximately 11 months after his sentencing, Peterson filed his § 2255 motion. He asserted two claims: (1) ineffective assistance of counsel and (2) improper use of predicate convictions under U.S.S.G. § 2K2.1. According to Peterson, he received ineffective assistance of counsel because his attorney failed to object to the use of his prior convictions as crimes of violence. He also asserted that his prior convictions were improperly regarded as crimes of violence under U.S.S.G. § 2K2.1.

Section 2255 "provides a remedy for jurisdictional and constitutional errors." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc). "Beyond that, the permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited; 'an error of law does not provide a basis for collateral attack unless the claimed error constituted "a fundamental defect which inherently results in a complete miscarriage of justice."'" *Id.* (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).

*Sentencing guidelines*

"[O]rdinary questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper section 2255 claim." *Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995); *accord Sun Bear*, 644 F.3d at 704. "[I]n sentencing, a miscarriage of justice cognizable under § 2255 occurs when the sentence is in excess of that authorized by law." *Sun Bear*, 644 F.3d at 706.

Peterson pleaded guilty possession of a stolen firearm. *See* 18 U.S.C. § 922(j) (2012). He was subject to a term of imprisonment of "not more than 10 years." *Id.* § 924(a)(2). As contemplated by the plea agreement, Peterson and the government asked for a sentence of 120 months' imprisonment. The Court sentenced him to 120 months' imprisonment. The sentence that Peterson received does not exceed that authorized by law. His claim that his guideline range of imprisonment was improperly calculated does not present a proper claim under § 2255. *See Sun Bear*, 644 F.3d at 706; *Auman*, 67 F.3d at 161.

*Ineffective assistance of counsel*

Peterson asserted that he received ineffective assistance of counsel because his attorney failed to object to the characterization of two of his prior convictions as crimes of violence. The government and Peterson agreed that he had at least two prior felony convictions that are crimes of violence, including convictions in Minnesota for third-degree assault and fifth-degree assault. Their agreement is consistent with appellate decisions. *See United States v. Schaffer*, 818 F.3d 796, 798 (8th Cir.) (holding that Minnesota felony domestic assault, which requires the same force as fifth-degree assault,

is a violent felony), *cert. denied*, 137 S. Ct. 410 (2016); *United States v. Yang*, 799 F.3d 750, 756 (7th Cir. 2015) ("A conviction under [Minn. Stat. § 609.224, subd. 4,] qualifies as a violent felony because it has 'as an element the use, attempted use, or threatened use of physical force against the person of another.'"); *Roberts v. Holder*, 745 F.3d 928, 930-31 (8th Cir. 2014) ("We conclude that Roberts's third-degree assault conviction in Minnesota constitutes an aggravated felony, because, under Minnesota law, it 'has as an element the use, attempted use, or threatened use of physical force' against another, and is therefore categorically a 'crime of violence' under 18 U.S.C. § 16(a)."). The alleged failure of Peterson's attorney to object to the characterization of his prior convictions as crimes of violence does not constitute ineffective assistance of counsel. *See Hamberg v. United States*, 675 F.3d 1170, 1173 (8th Cir. 2012) (counsel not ineffective for failing to object to correct application of settled law within circuit); *Toledo v. United States*, 581 F.3d 678, 681 (8th Cir. 2009) ("It is not ineffective assistance of counsel to withdraw objections that have no support in the law."). Peterson has not demonstrated that he received ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984).

## *Certificate of appealability*

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012); Fed. R. App. P. 22(b)(1). A court cannot issue a certificate of appealability unless the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing

required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Here, Peterson has not shown that reasonable jurists would find the rejection of his claims debatable or wrong. Thus, the Court declines to issue a certificate of appealability.

*Conclusion*

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1.     Peterson's § 2255 motion [Docket No. 61] is DENIED.

2.     Peterson's motion for appointment of counsel [Docket No. 62] is DENIED.

3.     Peterson's motion for an evidentiary hearing [Docket No. 63] is DENIED.

4.     A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 9, 2017

s/ Joan N. Ericksen           <br>JOAN N. ERICKSEN<br>United States District Judge